IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Southern Farm Bureau Life Insurance Co., | Civil Action No. 3:25-cv-00275-MGL |
| Plaintiff, | |
| vs. | **COMPLAINT FOR INTERPLEADER** |
| Robert A. West, Zachary J. Long, Caleb N. Long, Christian D. Long, and Express Funeral Funding, LLC, | |
| Defendants. | |

The Plaintiff, Southern Farm Bureau Life Insurance Company ("Southern Farm Bureau"), by and through its undersigned counsel, hereby files this Complaint against the Defendants and states as follows:

### NATURE OF THE CASE

1. Southern Farm Bureau seeks to interplead into the Court, pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure, the proceeds of a life insurance policy insuring the life of Rachel Michelle Long due to competing claims being made for such proceeds. Southern Farm Bureau further requests that it be discharged from liability under the policy, that an injunction be issued preventing future suits against Southern Farm Bureau related to the policy, and that Southern Farm Bureau be awarded its reasonable attorneys' fees and costs incurred in bringing this action.

1

**PARTIES**

2. Southern Farm Bureau is a Mississippi corporation with its principal place of business in Jackson, Mississippi.

3. Upon information and belief, Defendant Robert West is a citizen of the state of South Carolina, residing in Lexington County.

4. Upon information and belief, Defendant Zachary Long is a citizen of the state of North Carolina, residing in Wake County.

5. Upon information and belief, Defendant Caleb Long is a citizen of the state of South Carolina, residing in Kershaw County.

6. Upon information and belief, Defendant Christian Long resides in the state of Virginia.

7. Upon information and belief, Defendant Express Funeral Funding is a Delaware limited liability company with all of its members residing in the state of Indiana.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because there is minimal diversity among the Defendants and the amount in controversy exceeds the sum of $500.00.

9. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and the Defendants.

10. Venue is proper in this District under 28 U.S.C. § 1391 because one of the Defendants resides in this District and is subject to the Court's personal jurisdiction.

11.  28 U.S.C. § 2361 allows for nationwide service of process over the Defendants.

**FACTUAL ALLEGATIONS**

12.  On August 24, 2015, Southern Farm Bureau issued a life insurance policy insuring the life of Rachel Michelle Long (the "Insured") with a face amount of $500,000 and assigned a policy number ending in -870L (the "Policy"). A redacted copy of the Policy is attached as **Exhibit A**.

13.  At the time the Insured applied for the Policy, she listed her former husband, James Long, as the Policy's primary beneficiary.

14.  On April 26, 2021, the Insured submitted a change of beneficiary form designating her sons, Defendants Zachary Long, Caleb Long, and Christian Long, as the Policy's primary beneficiaries in equal shares. A redacted copy of the Beneficiary Change Request is attached as **Exhibit B**.

15.  Shortly thereafter, on April 27, 2021, the Insured submitted a change of beneficiary form adding her then fiancé, Defendant Robert West, as a primary beneficiary in addition to her sons. The form designated that Robert would receive 70% of the Policy proceeds, and Zachary, Caleb, and Christian would each receive 10% of the proceeds. A redacted copy of the Beneficiary Change Request is attached as **Exhibit C**.

16.  On April 29, 2021, Southern Farm Bureau sent correspondence to the Insured notifying her that corrections were needed in the information provided on the change of beneficiary form. A redacted copy of the April 29, 2021 letter is attached as **Exhibit D**.

17.  On May 17, 2021, the Insured submitted a corrected change of beneficiary form designating Robert, Zachary, Caleb, and Christian as the primary beneficiaries, with Robert

receiving 70% of the proceeds, and Zachary, Caleb, and Christian each receiving 10%. A redacted copy of the Beneficiary Change Request is attached as **Exhibit E**.

18. In February of 2024, the Insured contacted Southern Farm Bureau requesting a name change form in order to update her name on the Policy to reflect her marriage to Robert. The requested form was mailed to the Insured on February 28, 2024; however, a completed form was never submitted to Southern Farm Bureau. A copy of the February 2024 letter is attached as **Exhibit F**.

19. On March 7, 2024, the Insured submitted a change of beneficiary form listing Robert, Christian, and Zachary as the Policy's primary beneficiaries, and removing Caleb as a beneficiary. The form allocated the share of Policy proceeds to each beneficiary by dollar amount, with Robert receiving $100,000, Christian receiving $200,000, and Zachary receiving $200,000. The Insured signed the form under the name Rachel Long (West). A redacted copy of the Beneficiary Change Request is attached as **Exhibit G**.

20. On March 12, 2024, Southern Farm Bureau sent two letters to the Insured advising her that it could not accept the change of beneficiary form because the signature on the form did not match the name it had on file for the Insured, and because the share of Policy proceeds to each beneficiary must be provided in percentages or fractions rather than dollar amounts. A redacted copy of the March 2024 letters to the Insured are attached as **Exhibit H**.

21. The Insured never submitted a name change form or corrected change of beneficiary form to Southern Farm Bureau following the March 12, 2024 letters.

22. On October 24, 2024, Southern Farm Bureau received a phone call from the Insured's agent, who reported that the Insured was terminally ill and had called to check the listed

4

beneficiaries under the Policy. Southern Farm Bureau advised the agent that the beneficiaries were Robert, Zachary, Caleb, and Christian according to the last recorded designation in May of 2021.

23. On November 13, 2024, the Insured contacted Southern Farm Bureau to inquire about the beneficiary status and ask how the Policy's proceeds would be divided. The Insured was informed that the May 2021 beneficiary designation still applied, with the proceeds divided 70% to Robert and 10% each to Zachary, Caleb, and Christian.

24. The Insured passed away on November 22, 2024.

25. On November 25, 2024, the Insured's death was reported to Southern Farm Bureau.

26. On December 10, 2024, Southern Farm Bureau received correspondence from Defendant Express Funeral Funding, LLC ("Express Funeral"), advising that it held an assignment on the Policy's death benefit proceeds in the amount $1,736.20 pursuant to an irrevocable assignment and Power of Attorney executed by the beneficiaries. A copy of the December 10, 2024 correspondence is attached as **Exhibit I**.

27. On December 20, 2024, Southern Farm Bureau sent letters to the Defendants, Robert, Zachary, Caleb, and Christian, advising that they were the Policy's primary beneficiaries pursuant to the last recorded designation in March of 2021. A copy of the December 2024 letters are attached as **Exhibit J**.

28. In the letter, Southern Farm Bureau additionally advised that the change of beneficiary form submitted in March of 2024 was not accepted because the death benefit allocation could not be listed in dollar amounts. Due to the confusion caused by the recent attempt to change the beneficiary designation, Southern Farm Bureau stated it was unable to determine who the proceeds were properly payable to, and requested the Defendants contact each other to find an amicable resolution.

29. On December 21, 2024, Southern Farm Bureau received correspondence from Zachary wherein he requested a copy of the March 2024 beneficiary change form and stated it was unreasonable for Southern Farm Bureau to seek clarification over a technicality on the form and ask the beneficiaries to resolve the discrepancy amongst themselves. A copy of the December 21, 2024 email is attached as **Exhibit K**.

30. Following a phone conversation with Southern Farm Bureau, on December 24, 2024, Zachary sent screenshots of correspondence between himself and the Insured from March of 2024 discussing the change of beneficiary form in support of his claim that the March 2024 designation should apply. A copy of the December 24, 2024 email is attached as **Exhibit L**.

31. On January 2, 2025, Southern Farm Bureau received a completed claimant's statement and a corresponding letter from Robert. A redacted copy of the Claimant's Statement is attached as **Exhibit M**.

32. The letter, dated December 26, 2024, was submitted in support of Robert's claim that the May 2021 beneficiary designation should be upheld as the enforceable recorded designation. A copy of the December 26, 2024 letter is attached as **Exhibit N**.

33. On January 6, 2025, Southern Farm Bureau received a completed claimant's statement from Zachary. A redacted copy of the Claimant's Statement is attached as **Exhibit O**.

34. On January 11, 2025, Southern Farm Bureau received a completed claimant's statement from Caleb. A redacted copy of the Claimant's Statement is attached as **Exhibit P**.

35. As of the date of the filing of this Complaint, Southern Farm Bureau has not been informed that there has been a resolution of the competing claims for the death benefits under the Policy.

**CAUSE OF ACTION FOR INTERPLEADER**

36. Southern Farm Bureau incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth verbatim herein.

37. Based on the facts set forth above and the competing claims of the Defendants, Southern Farm Bureau is in doubt as to which Defendants are entitled to payment of the death benefit proceeds due under the Policy, and Southern Farm Bureau is or may be exposed to multiple or inconsistent liabilities and obligations under the Policy.

38. Southern Farm Bureau admits liability under the Policy. Southern Farm Bureau is and always has been ready, able, and willing to pay to the person or persons who may be lawfully entitled to receive the proceeds.

39. With the filing of this Complaint, Southern Farm Bureau seeks leave of court to deposit with the registry of the Court the proceeds due under the Policy, less a deduction for reasonable attorneys' fees and costs.

40. Southern Farm Bureau further avers that in justice and in equity it should not be compelled to become involved in any dispute between the Defendants, but that the Defendants should be ordered to litigate between themselves without in any manner involving Southern Farm Bureau.

41. Southern Farm Bureau further pleads entitlement to an award from the proceeds of the Policy for its reasonable attorneys' fees and other costs incurred in commencing and litigating this action for interpleader.

WHEREFORE, Southern Farm Bureau prays that the Court inquire into this matter and grant the following relief:

(a) That this civil action of interpleader be allowed;

(b) That Southern Farm Bureau be permitted to deposit the disputed funds payable under the Policy, less a deduction for reasonable attorneys' fees and costs, into the registry of the Court for ultimate distribution by order of this Court;

(c) That the Defendants be required to interplead and settle between themselves their rights to the proceeds payable under the Policy;

(d) That each of the Defendants be enjoined and restrained from instituting any action against Southern Farm Bureau for recovery of the proceeds payable under the Policy, except by way of interpleader in this action;

(e) That upon payment into the Court of the proceeds, less deductions, Southern Farm Bureau be discharged from all liability of any type or kind under the Policy to any of the Defendants, their heirs, assigns, or any other person or entity claiming entitlement to benefits under said Policy, and will be dismissed from this interpleader action;

(f) That Southern Farm Bureau be awarded from the proceeds of the Policy an amount to cover its reasonable attorneys' fees and costs incurred in commencing and litigating this interpleader action; and

(g) That Southern Farm Bureau be awarded such other and further relief as equity may require and the Court deems just and proper.

***SIGNATURE PAGE ATTACHED***

          NELSON MULLINS RILEY & SCARBOROUGH LLP

          By: *s/ Yasmeen Ebbini*
              D. Larry Kristinik
              Federal Bar No. 5744
              larry.kristinik@nelsonmullins.com
              Yasmeen Ebbini
              Federal Bar No. 13755
              yasmeen.ebbini@nelsonmullins.com
              1320 Main Street, 17th Floor
              Post Office Box 11070 (29211)
              Columbia, SC 29201
              (803) 799-2000

          *Attorneys for Southern Farm Bureau Life Insurance Company*

Columbia, South Carolina
January 15, 2025